UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEREYRATH VAN,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION<br>AND CUSTOMS ENFORCEMENT;<br><br>        Defendants. | Civ. No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**INTRODUCTION**

1. This action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeks the disclosure by United States Immigration and Customs Enforcement ("ICE" or "Defendant") of records relating to Sereyrath Van ("Plaintiff").

2. Mr. Van seeks records of critical importance to him, including correspondence between ICE and several foreign governments related to Mr. Van's travel documents and potential removal, any travel documents of Mr. Van in ICE's possession, and ICE's procedures in seeking travel documents. ICE has already attempted to deport Mr. Van to a country in which he has never resided and has provided him with what appears to be an altered copy of his removal order. The information Mr. Van seeks in his FOIA request would clarify what representations ICE officials have made in previous attempts to procure travel documents to remove him and what policies ICE is supposed to follow when seeking travel documents.

1

3. With the assistance of counsel, the ACLU of Pennsylvania, the Free Migration Project, and Asian American Legal Defense and Education Fund, Mr. Van filed his FOIA request to ICE on November 25, 2024.

4. To date, ICE has failed to respond to Mr. Van's request. ICE has also failed to make a timely determination on Mr. Van's renewed request for expedited processing. ICE's failure to produce any of the requested documents or information violates the FOIA. Mr. Van seeks declaratory, injunctive, and other appropriate relief to compel the prompt production of agency records improperly withheld by ICE.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action, including the authority "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld" from Plaintiff under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. *See also* 28 U.S.C. § 2202.

6. Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1)(C).

7. Declaratory relief is appropriate under 28 U.S.C. § 2201(a).

## PARTIES

8. Plaintiff Sereyrath Van is an individual currently detained by ICE at Moshannon Valley Processing Center, in Philipsburg, Pennsylvania. He is a longtime lawful permanent resident. Prior to his detention by ICE, he resided in Philadelphia, Pennsylvania.

9. Defendant ICE is a sub-agency within the Department of Homeland Security ("DHS"). ICE is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). ICE is responsible for enforcing federal immigration laws, including through the apprehension, detention, and removal

of individuals it alleges are unlawfully present in the United States. ICE has possession, custody, and control over the records requested by Plaintiff.

## STATUTORY AND LEGAL FRAMEWORK

10.     "The Freedom of Information Act was enacted to facilitate public access to Government documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989)). Its basic purpose is to "ensure an informed citizenry", which is "vital to the functioning of a democratic society" and needed as a check against corruption and to hold the government accountable to the governed. *See Nat'l Lab. Rels. Bd. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). Consistent with this purpose, the FOIA statute creates a "strong presumption in favor of disclosure [and] places the burden on the agency to justify the withholding of [] requested documents." *Ray*, 502 U.S. at 173.

11.     FOIA requires federal agencies to disclose records in response to a member of the public's request, unless those records fall within one of nine narrow statutory exemptions. 5 U.S.C. §§ 552(a)(3)(A), 552(b)(1)–(9).

12.     FOIA requires an agency to make an adequate search for responsive records that is "reasonably calculated to uncover all relevant documents." *U.S. ex. rel. Mistick PBT v. Hous. Auth. of Pittsburgh*, 186 F.3d 376, 384 (3d Cir. 1999).

13.     An agency must respond within 20 working days after receipt of a FOIA request, notifying the requester of the agency's determination whether or not to fulfill the request, providing the reasons for its determination, and informing the requester of his or her right to appeal the agency's determination to the agency head. *See* 5 U.S.C. § 552(a)(6)(A)(i).

14.     In "unusual circumstances," an agency may postpone its response to a FOIA request or appeal, but it must provide notice and the date on which a determination is expected to be

dispatched. *See* 5 U.S.C. § 552(a)(6)(B). Generally, such notice shall not result in an extension of more than 10 working days. *See id.*

15. FOIA requires agencies to establish procedures in their regulations that provide for expedited processing of requests in whenever a requester demonstrates a "compelling need" or "in other cases determined by the agency." 5 U.S.C. § 552(a)(6)(E)(i)(I), (II). The Department of Homeland Security's regulations provide four circumstances in which a request will be processed on an expedited basis, including "the loss of substantial due process rights." 6 CFR § 5.5(e)(1)(iii). A request for expedited processing "may be made at any time." 6 CFR § 5.5(e)(2). A DHS component such as ICE "shall notify the requester within ten calendar days of the receipt of a request for expedited processing of its decision . . . ." 6 CFR § 5.5(e)(4).

16. If the agency fails to comply with a request within the statutory time period, a FOIA requester is deemed to have exhausted its administrative remedies and can proceed directly to the district court, where the agency must show "exceptional circumstances" justifying its untimeliness and due diligence in remedying the violation. *See* 5 U.S.C. § 552(a)(6)(C)(i). Per the FOIA statute, "the term 'exceptional circumstances' does not include a delay that results from a predictable agency workload of requests under this section . . . ." 5 U.S.C. § 552(a)(6)(C)(ii).

17. A district court has jurisdiction to enjoin the agency from withholding records and to order the production of records that are subject to disclosure. *See* 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

### ICE Possesses the Records Requested

18. Mr. Van is a lawful permanent resident of the United States who was born in Thailand in 1980 after his family fled genocide in Cambodia. He was admitted to the United States as a refugee at age four.

19. In 2018, ICE initiated removal proceedings against Mr. Van, charging him with being a citizen of Cambodia and being removable. In 2021, an Immigration Judge ordered Mr. Van's removal to Thailand, and if not possible, to Cambodia. Exhibit 1.

20. After Mr. Van completed a prison sentence in 2023, ICE detained him for approximately three months before releasing him on an order of supervision.

21. For seven months, Mr. Van complied with his order of supervision with ICE, which required periodic check-ins with ICE.

22. On July 8, 2024, ICE called Mr. Van and told him to report to the ICE office in Philadelphia for an interview the next morning. On July 9, 2024, Mr. Van reported to the ICE office where he attended a virtual interview with officers of the Cambodian government. After the interview ended, an ICE Deportation Officer briefly detained Mr. Van. After Mr. Van reminded the ICE Deportation Officer that there is a federal class action settlement that requires that certain people with final orders that ICE seeks to remove to Cambodia are provided at least 14-day advance notice of re-detention and that they are served with certain documents, including a copy of the person's removal order, ICE released Mr. Van with a packet of paperwork and ordered him to return to the ICE office on August 15, 2024 to be re-detained.

23. After this July 9 check-in, Mr. Van reviewed the packet of paperwork ICE provided to him. One of the documents was a copy of his removal order. But this copy had the designated country of Thailand whited out, meaning that on this copy, the only designated country of removal was Cambodia. Exhibit 2.

24. Mr. Van complied with ICE's order to report to the ICE office on August 15, 2024, where ICE re-detained him. He remains detained by ICE at the Moshannon Valley Processing Center in Philipsburg, Pennsylvania.[1]

25. When a person is subject to a final order of removal, ICE and its agents are obligated to follow 8 U.S.C. § 1231, which, among other things, specifies that the person should be removed within 90 days. 8 U.S.C. § 1231(a)(1)(A).

26. Generally, a person should be removed to the designated country on the order of removal, unless certain exceptions apply. *See* 8 U.S.C. §§ 1231(b)(2)(A)–(D).

27. As a part of the removal process, ICE must communicate with the country or countries to which it seeks to remove the person. 8 U.S.C. §§ 1231(b)(2)(C)–(D).

28. Thus, the records requested are in the custody, possession, or control of ICE.

**Plaintiff's FOIA Request**

29. On November 25, 2024, Mr. Van submitted a Request to ICE via the SecureRelease Portal. *See* 6 C.F.R. § 5.3 (stating that all DHS components "have the capability to receive requests electronically, either through email or a web portal."). *See also FOIA Contact Information*, DEP'T HOMELAND SEC. (Jan. 24, 2025) (directing FOIA requesters seeking records in the possession of ICE to the DHS SecureRelease Portal).[2] A copy of the Request is attached as Exhibit 3.

30. Specifically, Mr. Van requested:

From January 1, 2021 to present, the Request seeks the following:

---

[1] On August 22, 2024, Mr. Van's immigration attorney filed a Motion to Reopen, which the Philadelphia Immigration Court granted on September 6, 2024. Mr. Van had his Individual Hearing on February 12, 2025. He was ordered removed to Thailand with Cambodia in the alternative. Mr. Van reserved the right to appeal to the Board of Immigration Appeals (BIA). His appeal is due by March 14, 2025.
[2] Available at: https://www.dhs.gov/foia-contact-information.

- Any correspondence or record of contact between ICE personnel and any representative of Thailand regarding Sereyrath Van. This includes but is not limited to communications regarding the possibility of removing him to Thailand, communications regarding requests for travel documents, travel arrangements, and/or inquiries into citizenship and/or nationality;

- Any correspondence or record of contact between ICE personnel and any representative of Cambodia regarding Sereyrath Van. This includes but is not limited to communications regarding the possibility of removing him to Cambodia, communications regarding requests for travel documents, travel arrangements, and/or inquiries into citizenship and/or nationality;

- Any correspondence or record of contact between ICE personnel and any representative of any other country or countries regarding Sereyrath Van. This includes but is not limited to communications regarding the possibility of removing him to that country or countries, communications regarding requests for travel documents, travel arrangements, and/or inquiries into citizenship and/or nationality;

- Copies of any attachments received or sent by ICE personnel to any representative of any country to which ICE has communicated with regarding Sereyrath Van that is related to the possibility of removing and/or detaining him, including but not limited to any requests for travel documents prepared and sent by ICE to any representative of any country;

- Any copies of the travel documents of Sereyrath Van that ICE has in their possession;

- Any copies of documents provided by any ICE personnel to Mr. Van relating to his re-detention;

- Any documents or records from the electronic Travel Document (eTD) system relating to Sereyrath Van, which include the following databases:[] The Enforcement Integrated Database[,] Automated Biometrics Identification System (IDENT), and [] Interviews conducted by ERO officers and/or consular staff;

- Copies of any interviews (including audio and/or transcripts) conducted by ICE officers and/or consular staff from any country regarding Sereyrath Van;

- Copies of any interview notes by ICE officers and/or consular staff from any country regarding Sereyrath Van and his removal;

- Any documents, records, or memorandum (including in electronic format) in ICE's possession regarding Sereyrath Van's interactions with representatives from the receiving country or countries;

- Any communications between ICE personnel regarding Sereyrath Van. This includes but is not limited to communications by ERO Philadelphia personnel and Removal and International Operations (RIO) personnel;

- Any correspondence of record of contact between ICE personnel and the U.S. Department of State personnel regarding Sereyrath Van;

- Any correspondence of record between ICE personnel and the Department of Homeland Security personnel regarding Sereyrath Van; and

- Any correspondence of record by or received by ICE personnel regarding the request for prosecutorial discretion pursuant to the Victim-Centered Directive, ICE Directive 11005.3.

- From Sereyrath Van's release from ICE detention in January 2024 to present, the Request seeks "[a]ny correspondence of record between ICE personnel about Sereyrath Van… including but not limited to the decision to seek Mr. Van's re-detention and removal and the decision(s) to deny Mr. Van's release requests."

- Regardless of date, the Request seeks the following: (1) "[C]opies of any operative memorandum of understanding regarding training and/or the access and use of the eTD system between ICE and/or DHS and Cambodia", and (2) "[C]opies of any operative memorandum of understanding regarding training and/or the access and use of the eTD system between ICE and/or DHS and Thailand."

31. The Request also notes that an alternate spelling of Mr. Van's name is "Serey Rath Van."

32. Mr. Van sought expedited processing pursuant to 6 C.F.R. § 5.5(e)(1)(iii) (requests may receive expedited processing when the Agency determines that they involve "The loss of substantial due process rights"). Mr. Van faces removal to a country where he has never set foot and his removal order, which ICE provided to him and which ICE has to provide to embassies to seek travel documents, has been visibly modified. Having an understanding on the representations ICE has made in seeking travel documents for him—including whether the altered removal order was used to seek travel documents—and ICE's policies and practices on seeking travel documents is critical in understanding whether the agency engaged in activity that contravenes his substantial due process rights.

8

33.     Mr. Van sought for a fee waiver on the grounds that (1) information on ICE's practices related to removal would contribute to the public understanding of the operations or activities of the government, and (2) he seeks information for personal use and use in advocacy work related to his deportation defense, not to further his commercial interest.

**Defendant's Response**

34.     Under the FOIA statute, ICE is obligated to respond to FOIA requests within 20 working days, 5 U.S.C. § 552(a)(6)(A), making ICE's response deadline December 26, 2024.

35.     On December 4, 2024, ICE emailed Mr. Van's attorney to acknowledge receipt of the FOIA request, assigning it tracking number 2025-ICFO-07884. ICE also invoked the ten-day extension permitted by 5 U.S.C. § 552(a)(6)(B), because the Request "seeks numerous documents that will necessitate a thorough and wide-ranging search." Exhibit 4. According to the SecureRelease Portal, the request was assigned to the "Complex" processing track.[3]

36.     In the acknowledgement receipt, ICE rejected Mr. Van's request for a fee waiver because it deemed that the request failed to argue that (1) "the disclosure is 'likely to contribute' to an understanding of government operations"; (2) "the contribution to public understanding of government operations or activities will be 'significant'"; (3) "the requester [does not have] a commercial interest that would be furthered by the requested disclosure," and (4) in assessing "the magnitude of any identified commercial interest to the requestor … in comparison with the public

---

[3] DHS regulations explain that its multitrack processing approach is intended to "distinguish between simple and more complex requests based on the estimated amount of work or time needed to process the request." 6 C.F.R. § 5.5(b). Regardless which track the Agency assigns the request, however, all FOIA requests are still subject to the 20-day response deadline under normal circumstances, 5 U.S.C. § 552(a)(6)(A), plus the 10-day extension permitted by § 552(a)(6)(B) in unusual circumstances.

interest in disclosure, [] disclosure is [not] primarily in the commercial interest of the requestor." Exhibit 4.

37. In the acknowledgment receipt, ICE rejected Mr. Van's request for expedited processing because the request "failed to demonstrate a particular urgency to inform the public about the government activity involved in the request beyond the public's right to know about government activity generally." Exhibit 4.

38. The ten-day extension lapsed on January 14, 2025.

39. ICE did not determine whether to comply with the FOIA Request by the deadlines set forth in 5 U.S.C. § 552(a)(6)(A) or (B). To date, ICE has failed to produce any records or make any substantive response to the FOIA Request.

## Plaintiff's Fee Waiver Appeal

40. On January 10, 2025, Mr. Van submitted a timely administrative appeal of the fee waiver denial via the SecureRelease Portal. See 6 C.F.R. § 5.8(a)(1) (time period to file an appeal is 90 working days). Exhibit 5.

41. Also on January 10, 2025, ICE issued an acknowledgment letter for the appeal, 2025-ICAP-00077. Exhibit 6.

42. ICE generally has 20 working days to respond to an administrative appeal. *See* 6 C.F.R. § 5.8(d).

43. On February 11, 2025, ICE responded to the administrative appeal for the fee waiver request denial.

44. Specifically, ICE stated that they "will not charge any fees" in this FOIA request and pointed to 6 C.F.R. §5.11(d)(2), which provides that "if a component fails to comply with the

FOIA's time limits in which to respond to a request," it shall not charge fees unless one of three exceptions to the prohibition applies. Exhibit 7.

45. The appeal letter further stated that "Since ICE FOIA has exceeded the time limits to respond to your request, and the exceptions do not apply, the determination of whether a fee waiver request should be granted or denied is moot. Therefore, ICE FOIA will not charge any fees and is administratively closing this appeal." Exhibit 7.

### Plaintiff's Renewed Request for Expedited Processing

46. On January 13, 2025, Mr. Van submitted a Renewed Request for Expedited Processing via the SecureRelease Portal. See 6 C.F.R. § 5.8(e) (stating that there is no requirement to file an administrative appeal where expedited processing is denied). Exhibit 8.

47. ICE is supposed to respond to requests for expedited processing within 10 working days. *See* 5 U.S.C. § 552(a)(6)(E)(ii)(I).

48. The 10 calendar days for a timely response to this renewed request for expedited processing was January 28, 2025.

49. To date, ICE has not responded to the renewed request for expedited processing.

\*\*\*

### CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### Freedom of Information Act, 5 U.S.C. § 552
### Failure to Timely Respond

50. Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

51. Plaintiff has a legal right under FOIA to the timely search and release of responsive, non-exempt agency records in response to his November 25, 2024, FOIA request.

11

52. On information and belief, Defendant currently has possession, custody, or control of the requested records.

53. No legal basis exists for Defendant ICE's failure to timely search for and release responsive agency records in compliance with FOIA's time limits.

54. Defendant ICE had, under 5 U.S.C. § 552(a)(6), 20 working days from the date of receipt of Plaintiff's FOIA request to make a determination on the request or to request an additional 10 days under unusual circumstances.

55. Defendant ICE invoked the 10-day extension permitted by 5 U.S.C. § 552(a)(6)(B), requiring it to respond to Plaintiff's FOIA request by January 14, 2025.

56. To date, Defendant ICE has not produced the requested records or otherwise responded to Plaintiff's FOIA request.

57. Defendant ICE's failure to comply with the statutory deadlines violates 5 U.S.C. § 552(a)(6)(A) and (B) and the corresponding regulations.

58. The Plaintiff is therefore entitled to injunctive and declaratory relief requiring ICE to promptly provide responsive records.

## SECOND CLAIM FOR RELIEF
### Freedom of Information Act, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

59. Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

60. Plaintiff properly requested records within ICE's possession and control.

61. Defendant ICE is an agency subject to and within the meaning of FOIA, and it must therefore make reasonable efforts to search for requested records. 5 U.S.C. § 552(a)(3)(C).

62. Defendant ICE has failed to timely and adequately review agency records for the purpose of locating those records that are responsive to this request.

63. Defendant ICE's failure to conduct adequate searches for responsive records violates FOIA and applicable regulations. *See* 5 U.S.C. § 552(a)(3)(C).

64. The Plaintiff is therefore entitled to injunctive and declaratory relief requiring ICE to promptly make reasonable efforts to search for records responsive to his FOIA request.

### THIRD CLAIM FOR RELIEF
### Freedom of Information Act, 5 U.S.C. § 552
### Improper Withholding of Agency Records

65. Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

66. Under 5 U.S.C. § 552(a)(3)(A), Defendant ICE is obligated to make properly requested records promptly available to a requester.

67. Plaintiff has a legal right under FOIA to the timely search and release of responsive, non-exempt agency records in response to the FOIA request.

68. On information and belief, Defendant ICE currently has possession, custody, or control of the requested records.

69. To date, Defendant ICE has not made any records available to Requester, nor produced a *Vaughn* index.

70. Defendant ICE's withholding of requested records in its possession that are not exempt from disclosure under 5 U.S.C. § 552(b) violates, at a minimum, 5 U.S.C. § 552(a)(3)(A) and the corresponding regulations.

## FOURTH CLAIM FOR RELIEF
### Freedom of Information Act, 5 U.S.C. § 552(a)
### Failure to Make Timely Determination on Renewed Request For Expedited Processing

71. Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

72. Under 5 U.S.C. § 552(a)(6)(E)(ii)(I) ICE is obligated to make a determination on the request for expedited processing within 10 calendar days from the FOIA submission.

73. Plaintiff submitted his renewed request for expedited processing on January 13, 2025.

74. The 10 calendar days for a timely response to this renewed request for expedited processing was January 28, 2025.

75. To date, Defendant ICE has not made a determination on the renewed expedited processing request.

76. The Plaintiff need not exhaust its administrative remedies as to ICE's failure to make a timely determination on his renewed request for expedited processing. 6 C.F.R. § 5.8(e).

77. The Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendant ICE to release all responsive, non-exempt records on an expedited timeframe.

### REQUESTED RELIEF

WHEREFORE, Plaintiff prays that this Court:

1. Assume jurisdiction over this matter;

2. Declare that Defendant ICE violated FOIA by failing to respond to Plaintiff's FOIA request, failing to undertake an adequate search, unlawfully withholding the requested records, and failing to timely respond to Plaintiff's renewed request for expedited processing;

3. Order Defendant ICE to immediately make a full, complete, and expedited search for the requested records, including the production of "FOIA Search Staffing Sheets" for all searches;

4. Order Defendant ICE to engage in expedited processing in this action;

5. Order Defendant ICE, upon completion of expedited processing, to disclose the requested records in their entirety and make copies available to Plaintiff no later than ten days after the Court's order;

6. Enjoin Defendant ICE from withholding non-exempt, responsive records;

7. Enjoin Defendant ICE from charging Plaintiff search, review, or duplication fees for the processing of the Request;

8. Award Plaintiff his costs and reasonable attorneys' fees incurred in this action, as provided by 5 U.S.C. § 552(a)(4)(E); and

9. Grant such other and further relief as this Court may deem just and proper.

Dated: February 24, 2025                                    Respectfully submitted,

/s/ Vanessa Stine
Vanessa L. Stine (PA 319569)
Keith Armstrong (PA 334758)
**AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA**
P.O. Box 60173
Philadelphia, PA 19102
T: 215-592-1513
E: vstine@aclupa.org
E: karmstrong@aclupa.org

David C. Bennion (PA 314951)
**FREE MIGRATION PROJECT**
426 E Allegheny Ave, #306
Philadelphia, PA 19134

T:  646-441-0741
E:  david.bennion@freemigrate.org

Razeen Zaman (NY 5537246)
**ASIAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND**
99 Hudson Street, Floor 12
New York, NY 10013
T:  347-323-4521
E:  rzaman@aaldef.org